```
              UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF MICHIGAN
                     SOUTHERN DIVISION
```

LORI FAIN,
    PLAINTIFF,

CASE NO. 1:20-CV-_____

VS.

HON. _____

DOWAGIAC UNION SCHOOL DISTRICT,
and PAUL HARTSIG,
    DEFENDANTS.

_____

Jason R. Pelak (P79618)
**Attorney for Plaintiff**
700 Milam Street, Suite 1300
Phone (832) 871-5031
Email jason@pelaklaw.com

_____

## **COMPLAINT**

    The plaintiff Lori Fain, by and through her attorney Jason R. Pelak, for actions arising under the Family Medical Leave Act of 1993, in connection with her protected activity and subsequent termination by Dowagiac Union School District and Paul Hartsig, states as follows.

*JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Lori Fain is an individual who resided and was employed in Cass County, Michigan, at all times relevant to this complaint.

2. The defendant Dowagiac Union School District was an employer at all times relevant to this complaint in Cass County, Michigan.

3. The defendant Paul Hartsig was a person who acted in the interest of Dowagiac Union Schools to Lori Fain at all times relevant to this complaint in Cass County, Michigan.

4. This case arises under and the Family Medical Leave Act of 1993, 29 USC §2601 *et seq.*

5. This case arises out of the defendant's employment and discharge of the plaintiff in the late Spring of 2019 in Cass County, Michigan.

6. The Court has federal-question jurisdiction for the claims as alleged under the Family Medical Leave Act of 1993. 28 USC §1331.

*JURY DEMAND*

7. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

8. The plaintiff Lori Fain began working for the defendant approximately in 2001. She was employed as a school bus operator.

9. At all relevant times, the defendant was an employer subject to the requirements of the Family Medical Leave Act with at least 50 employees.

10. At all relevant times, Ms. Fain was an eligible employee under the Family Medical Leave Act having worked at least 1,250 hours during the prior 12-months prior to the start of leave.

11. During the time of her employment with the defendant, and through her termination, Ms. Fain did a good job for it.

12. During the Spring of 2019, Ms. Fain suffered a broken elbow preventing her from working, occurring on 4/7/2019.

13. Mr. Fain requested from defendant that she be put on FMLA.

14. The defendant provided Ms. Fain with papers for her to bring to a physician for certification to support her need of FMLA.

15. In the medical certification, Ms. Fain's estimated time off of work was stated to be through 5/3/2019, or 4 weeks from the start of the injury date.

16. The defendant subsequently approved FMLA leave for Ms. Fain.

17. After FMLA approval, Ms. Fain remained off of work for beyond the original 4 week estimate.

18. In a letter dated 5/24/2019, the defendant stated Ms. Fain's FMLA was only approved through 5/3/2019.

19. In that same letter, the defendant made a general reference that it needed "paperwork requesting another leave".

20. That letter goes on and states: "At this time the district does not have anything in writing from you in regards to an extension of this leave. Therefore, if we do not have a request in writing by 3:30 p.m. on May 31, 2019 we will consider your lack of communication as a resignation."

21. The 5/24 letter did not request a medical certification or recertification.

22. The 5/24 letter did not enclose a medical certification, a recertification, or any other FMLA document.

23. Ms. Fain emailed the defendant on 5/28/19 and stated: "Good morning Terri, I called this morning, I received a letter over FMLA and I'm confused, do I need to fill out more forms? Thanks Lori"

24. The defendant emailed Ms. Fain two days later, on 5/30/19, and stated: "Lori, As stated in the letter, your approved FMLA ended on May 3, 2019. You do need to fill out additional paperwork if you wish to extend your leave. I have attached the forms to this email. Thank you,"

25. After that email, Ms. Fain then called Terri Karasch and requested Ms. Karasch to fax the necessary documents to the bus garage.

26. On 5/31/19 at 9:18 a.m., Ms. Karasch faxed the following documents to the bus garage: a medical certification form, a duplicate of the previously issued notice of rights and

4

      eligibility form, a cover letter form, and a sample memo form.

27.  Ms. Fain then obtained the forms from the defendant, and requested her doctor to complete and return the certification to the defendant.

28.  On 6/6/19, the defendant stated: "Ms. Fain, On May 24, 2019 you received a letter (included) stating that if we had not heard from you regarding your leave or such as a request for an extension of leave by May, 31 2019, we would consider you as having resigned from your position. To date we have not received any correspondence from you regarding our request."

29.  On 6/11/19, the defendant received the completed certification requested by the defendant on 5/28/19.

30.  The defendant's claimed reason that Ms. Fain resigned was a pretext because the defendant, through Terri Karasch, did hear from Ms. Fain as early as 5/28/19, and on 5/30/19 Ms. Karasch responded by email to Ms. Fain, and again on 5/31/19 Ms. Karasch faxed FMLA papers on behalf of Ms. Fain to her.

31.  As a result of the discharge by the defendant, Ms. Fain has suffered severe damages, including losses of income, and other consequential damages.

32. All conditions precedent have been performed or have occurred.

*COUNT 1 – FMLA INTERFERENCE*

33. The plaintiff restates and realleges as though fully set forth herein all prior paragraphs of this complaint.
34. The defendants discharged, interfered, or otherwise discriminated against Ms. Fain as an eligible employee that took qualified leave under the FMLA, including a failure to provide up to 12 weeks of leave, failing to reinstate Ms. Fain to the same position with terms and benefits of employment that existed when the leave commenced, and failing to provide a minimum 15 days to respond to a request for a medical certification or recertification.
35. As a result, Ms. Fain has suffered and will continue to suffer damages set forth above.
36. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*
37. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendants, in whatever amount she is shown to be entitled to including actual damages, lost income, and additional liquidated damages equal to lost income, together with interest, costs,

attorney fees, and any other relief as the Court deems warranted.

## *COUNT 2 – FMLA RETALIATION*

38. The plaintiff restates and realleges as though fully set forth herein all prior paragraphs of this complaint.

39. The defendants retaliated against Ms. Fain in connection with her protected activity under the Family Medical Leave Act.

40. As a result, Ms. Fain has suffered and will continue to suffer damages set forth above.

41. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*

42. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendants, in whatever amount she is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and additional liquidated damages equal to lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Dated: _____5/6/20_____

Respectfully submitted,

_____
Jason R. Pelak (P79618)
700 Milam Street, Suite 1300
Houston, Texas 77002
Phone (832) 871-5031
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**